# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM WEAVER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:96-CV-2220 CAS |
| ) | |
| MICHAEL BOWERSOX, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This closed matter is before the Court on petitioner William Weaver's motion pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure for relief from final judgment. Petitioner requests that the Court re-open his § 2254 habeas petition. Petitioner argues that a defect in his prior habeas corpus proceeding led to this Court erroneously applying a more stringent standard to petitioner's claims than was proper. Petitioner moves that the Court review de novo his claim under Batson v. Kentucky, 476 U.S. 79 (1986), that his constitutional rights were violated by the prosecutor's use of two preemptory challenges in jury selection (the "Batson claim"). For relief, petitioner moves that he be granted a new trial. Respondent opposes the motion on a number of grounds. For the following reasons, the Court will deny petitioner's request for relief from final judgment.

### *I. Procedural Background*

On July 19, 1988, petitioner William Weaver was convicted of first-degree murder in the death of Charles Taylor by a jury in St. Louis County, Missouri. The next day, the jury sentenced Weaver to death.

Petitioner timely filed a pro se Motion to Vacate, Set Aside or Correct a Judgment of Guilty and a Sentence of Death, pursuant to Missouri Supreme Court Rule 29.15. Appointed counsel for petitioner timely filed an amended motion, which incorporated the pro se motion and asserted additional points for relief. The state court conducted an evidentiary hearing on petitioner's 29.15 motion on September 13-15, 1993, with a subsequent hearing on July 28, 1994. The postconviction motion court denied relief on all grounds on November 29, 1994.

Weaver appealed his conviction and sentence to the Missouri Supreme Court. Weaver's direct appeal was consolidated with his appeal from the denial of his postconviction motions. On December 19, 1995, the Missouri Supreme Court affirmed the conviction and death sentence. See State v. Weaver, 912 S.W.2d 499 (Mo. 1995) (en banc).

On April 18, 1996, Weaver filed a pro se habeas petition in federal district court. At that time, he had not yet petitioned the United States Supreme Court for review of the Missouri Supreme Court's decision affirming his conviction and death sentence, although he had indicated his intention to do so. On or about July 1, 1996, Weaver did file a petition with the United States Supreme Court for a writ of certiorari on his state court appeal. This Court dismissed his federal habeas petition without prejudice to permit Weaver to fully exhaust his state remedies. He filed a notice of appeal and requested a certificate of appealability on the dismissal, which was denied by the Eighth Circuit Court of Appeals. Petitioner did not seek a rehearing or a rehearing en banc, nor did he file a petition for writ of certiorari with the Supreme Court as to the dismissal of his first federal habeas petition. Weaver's petition for a writ of certiorari on his state court appeal was denied by the Supreme Court on October 7, 1996. Weaver v. Missouri, 519 U.S. 856 (1996). On November 12, 1996, Weaver filed a second pro se habeas petition, which is the case at bar. Weaver's second

habeas petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996. The AEDPA set stricter standards for the federal courts' review of challenges to state custody. See generally, Williams v. Taylor, 529 U.S. 362 (2000). The Court appointed counsel to assist Weaver with his federal habeas petition. Counsel filed an amended petition, and argued that the AEDPA did not apply to Weaver's second federal habeas petition because it was a continuation of his first petition, which was filed before the effective date of the AEDPA. The State opposed the petition and argued that the AEDPA's new, more stringent standard should apply.

On August 9, 1999, this Court issued a Memorandum and Order, in which it granted petitioner a writ of habeas corpus on his Batson claim only. The Court did not address petitioner's other claims for relief. Although the issue was raised by the parties, the Court determined that it need not decide whether the AEDPA applied to the second petition because "the Court finds that the petition in this case should be granted even under the newer, more deferential standard of review provided for under the AEDPA." Doc. 29 at 5.

The State appealed the granting of the petition to the Eighth Circuit Court of Appeals. The issue of whether the AEDPA and its new standard of review applied to petitioner's second petition was squarely before the Eighth Circuit. Weaver v. Bowersox, 241 F.3d 1024, 1029 (8th Cir. 2001). Weaver argued that the AEDPA standard should not apply to his case, but the Eighth Circuit held that it did: "AEDPA's provisions apply to all habeas corpus petitions filed after the Act's effective date. . . . We hold that this rule applies even when a prisoner's original petition was filed prior to the AEDPA's effective date and dismissed without prejudice for failure to exhaust state remedies." Id. (citations omitted). The Eighth Circuit proceeded to review Weaver's Batson claim under the

AEDPA's standard of review. Giving deference to the state court, the Eighth Circuit found that the Missouri Supreme Court had properly applied clearly established constitutional law, and that its factual determinations were not unreasonable. Id. at 1032. The Eighth Circuit reversed and remanded, directing this Court to address the remaining claims in petitioner's habeas petition. Id. at 1033. Petitioner did not appeal this ruling to the United States Supreme Court, and the Eighth Circuit issued its mandate on July 12, 2001.

In a Memorandum and Order dated May 7, 2003, this Court once again took up Weaver's petition and addressed the remaining 21 claims for relief. As instructed, this Court employed the standard of review from the AEDPA and found that Weaver was entitled to a writ of habeas corpus vacating his sentence of death on the ground that the prosecutor made inflammatory statements during closing arguments in the penalty phase that violated petitioner's due process rights. Doc. 46 at 133. This Court further found that all other claims for relief were either procedurally barred or failed on the merits. This Court vacated petitioner's death sentence and ordered that he either be sentenced to life in prison without the possibility of parole or be given a new penalty-phase trial. The Court did not issue a certificate of appealability as to any of the claims it denied. Following Weaver's motion to alter, amend or set aside judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, this Court amended its judgment and did issue a certificate of appealability as to two of petitioner's claims relating to the prosecutor's closing arguments during the guilt phase of the trial.

The State appealed the granting of habeas relief to the Eighth Circuit. Weaver also filed a cross-appeal. Weaver appealed this Court's decision regarding six statements the prosecutor made during the guilt phase closing arguments. This Court had determined that the claims were

procedurally defaulted under Coleman v. Thompson, 501 U.S. 722, 750 (1991), and that Weaver had failed to show cause and prejudice, or demonstrate a fundamental miscarriage of justice arising from the failure to consider the claims. Doc. 46 at 16. The Eighth Circuit held that Weaver had failed to address the procedural default issue in his appellate briefs and, therefore, he had abandoned his cross-appeal. Weaver v. Bowersox, 438 F.3d 832, 838 (8th Cir. 2006). It declined to review the merits of Weaver's cross-appeal. Id.

As for the State's appeal, the Eighth Circuit held that the claims fell under the AEDPA's standard of review.[1] Applying the more stringent standard of review, the Eighth Circuit affirmed the judgment of this Court. Id. at 842. The Eighth Circuit found:

> The conclusion by the Missouri Supreme Court that "the penalty phase arguments . . . [were] reasonable" is unreasonable under existing United States Supreme Court precedents. It is unclear which precedents the Missouri Supreme Court applied. Regardless, there can be no interpretation of the inflammatory remarks by the prosecutor that is reasonable under the various applicable United States Supreme Court precedents.[2]

Id. The parties filed petitions for rehearing by the panel and for rehearing en banc, which were denied.

Weaver did not appeal. The State, however, filed a petition for a writ of certiorari with the United States Supreme Court, which was granted. Roper v. Weaver, 550 U.S. 598 (2007). The

---

[1] The issue before the Eighth Circuit this time around was not whether or not the AEDPA applied because petitioner had filed his first habeas petition prior to its enactment, but rather whether the state court had adequately addressed the claims at issue such that its decision was entitled to discretionary review under the AEDPA. Weaver, 438 F.3d at 838.

[2] The prosecutor in Weaver's trial had made essentially the same closing arguments in two other cases that had come before the Eighth Circuit: Shurn v. Delo, 177 F.3d 662, 667 (8th Cir. 1999), and Newlon v. Armontrout, 885 F.2d 1328 (8th Cir.1989). Applying the pre-AEDPA standard, the Eighth Circuit vacated the sentences in these two cases, including that of Daryl Shurn, the man who hired petitioner to kill Mr. Taylor. Shurn, 177 F.3d at 668, Newlon, 885 F.2d at 1329.

Supreme Court granted certiorati on the issue of whether the Eighth Circuit's application of the more stringent standard of review under the AEDPA was consistent with the Supreme Court's interpretation of the statute. Id. at 599. In a per curiam opinion dated May 21, 2007, the Supreme Court noted that it had become "aware" of Weaver's argument that the AEDPA should not govern his case because he had filed his original federal habeas petition before the effective date of the AEDPA. Id. Citing Lawrence v. Florida, 549 U.S. 327, 332 (2007), the Supreme Court stated that this Court had erroneously dismissed Weaver's first federal habeas petition. Id. at 601 ("'state review ends when the state courts have finally resolved an application for state postconviction relief' – even if a prisoner filed a certiorari petition"). The Supreme Court, however, declined to resolve whether the AEDPA applied to Weaver's second petition, and dismissed the writ of certiorari as "improvidently granted," writing:

> Whether this unusual procedural history leads to the conclusion, as respondent colorably contends, that the AEDPA standard is simply inapplicable to this case, is a question we find unnecessary to resolve. Regardless of the answer to that question, we find it appropriate to exercise our discretion to prevent these three virtually identically situated litigants from being treated in a needlessly disparate manner, simply because the District Court erroneously dismissed respondent's pre-AEDPA petition.

Id. at 601-02 (citing Shurn, 177 F.3d at 668; Newlon, 885 F.2d at 1329).

The last entries in the Eighth Circuit Court of Appeals docket are the May 21, 2007 opinion from the Supreme Court and its judgment. Weaver sought no further relief from the Eighth Circuit.

On August 22, 2013, new counsel entered an appearance on behalf of Weaver and filed a "Motion to Enforce Judgment and Issue an Unconditional Writ of Habeas Corpus Vacating Petitioner's Unconstitutional Sentence of Death." Doc. 83. According to the motion, over five years after the Supreme Court had issued its opinion, petitioner remained under a sentence of death as the

State had made no effort to resentence petitioner. The parties briefed petitioner's motion, but it was later rendered moot on February 21, 2014, when he was resentenced by the State to life without parole.

Three years later, Weaver filed the motion that is presently before the Court. Petitioner now moves, pursuant to Rule 60(b), that the Court set aside its 2003 Judgment and issue a new judgment granting him a new trial on his Batson claim. Weaver argues that his first federal habeas petition, which was filed pre-AEDPA, should not have been dismissed, and but for the erroneous dismissal, all of his claims would have been reviewed de novo. He argues that under de novo review, his Batson claim would be granted. Petitioner moves that this Court vacate the final judgment in this case, and reinstate its 1999 judgment, in which the Court granted Weaver habeas relief on his Batson claim.

The State opposes Weaver's Rule 60(b) motion and argues: (1) this Court does not have the authority to reconsider the Batson claim under the 2001 mandate from the Eighth Circuit; (2) the Court cannot consider petitioner's motion because under 28 U.S.C. § 2244(b) it is a successive habeas petition;(3) the motion is untimely; and (4) there are no exceptional circumstances that would warrant relief.

## II. Discussion

### A.      Petitioner's Motion is a Successive Habeas Petition.

Rule 60(b) of the Federal Rules of Civil Procedure allows a party to seek relief from a final judgment and request reopening a case, under a limited set of circumstances including fraud,

mistake, and newly discovered evidence.[3]  A habeas petitioner may seek relief from final judgment under Rule 60(b) in certain circumstances.  "Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules." Gonzalez v. Crosby, 545 U.S. 524, 529 (2005) (citing 28 U.S.C. § 2254).  See also Ward v. Norris, 577 F.3d 925, 932 (8th Cir. 2009).

> There are limits on a petitioner's filing successive habeas petitions in federal court:
>
> First, any claim that has already been adjudicated in a previous petition must be dismissed. § 2244(b)(1). Second, any claim that has not already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. § 2244(b)(2). Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions. § 2244(b)(3).

---

[3]Rule 60(b) provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed. R. Civ. P. 60(b).

Gonzalez, 545 U.S. at 529. According to Supreme Court law, a Rule 60(b) motion is a second or successive habeas corpus application which falls under the restrictive requirements of § 2244 if the motion contains a "claim." Id. When a Rule 60(b) motion presents a "claim," it must be treated as a second or successive habeas petition. Id.

According to the Eighth Circuit, "a claim is defined as an 'asserted federal basis for relief from a state court's judgment of conviction' or as an attack on the 'federal court's previous resolution of the claim on the merits.'" Ward, 577 F.3d at 933 (citing Gonzalez, 545 U.S. at 530, 532). "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." Id. No claim is presented if the motion attacks "some defect in the integrity of the federal habeas proceedings." Id. "Likewise, a motion does not attack a federal court's determination on the merits if it 'merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.'" Id. (quoting Gonzalez, 545 U.S. at 532 n. 4).

Here, petitioner urges the Court to re-examine the merits of his Batson claim and enter judgment in his favor. Based on Supreme Court precedent as interpreted by the Eighth Circuit, the Court finds petitioner is asserting a "claim" in his Rule 60(b) motion, which has already been adjudicated. Ward, 577 F.3d at 933. This Court, in its August 9, 1999 Memorandum and Order, granted petitioner relief on his Batson claim. The state appealed to the Eighth Circuit. The Eighth Circuit reviewed the Batson claim on its merits and reversed. Weaver, 241 F.3d at 1029. As the State points out in its response, the Eighth Circuit issued a mandate on its reversal of the Batson claim, and petitioner did not appeal that decision. Petitioner's current motion is, therefore, "an

attack on the 'federal court's previous resolution of the claim on the merits.'" Ward, 577 F.3d at 933 (citing Gonzalez, 545 U.S. at 530).

Petitioner disputes that his Rule 60(b) motion is a second or successive petition, but rather he argues that it is an attack on the integrity of the federal habeas proceeding. Weaver contends that there was a "defect" in his prior habeas proceeding, and because of this so-called defect, this Court and the Eighth Circuit have incorrectly applied the AEDPA's standard of review to his claims. As a result, Weaver argues, he is not presenting a "claim" that would be deemed successive under Gonzalez, 545 U.S. at 530. The Court does not agree.

First, the so-called defect upon which petitioner relies – the erroneous dismissal of his first federal habeas petition – was not a defect in the federal habeas proceedings, but rather an incorrect ruling by this Court that petitioner did not properly challenge through the appellate process. Erroneous rulings in the district courts are not unheard of, and there are appellate procedures in place to correct such errors. Petitioner, however, did not pursue his appeal of the dismissal of his pre-AEDPA petition. After being denied a certificate of appealability, he did not ask for a rehearing en banc or seek a writ of certiorati. Petitioner abandoned his appeal, and has offered no explanation as to why. The basis upon which petitioner seeks relief is not "some defect in the integrity of the federal habeas proceedings" as petitioner contends. Ward, 577 F.3d at 933. Petitioner had avenues of relief that he chose not to pursue.

Second, even if the Court were to find that there was a defect in the prior habeas proceedings, petitioner has not established that he would be entitled to review under the pre-AEDPA standard. From the beginning of this case, petitioner has argued that the more stringent standard of the AEDPA should not apply because his initial federal habeas petition should not have been dismissed

for failure to exhaust. In fact, petitioner raised this argument in the first appeal to the Eighth Circuit, where it was considered and rejected. Weaver, 241 F.3d at 1029 ("AEDPA's provisions apply to all habeas corpus petitions filed after the Act's effective date. . . . We hold that this rule applies even when a prisoner's original petition was filed prior to AEDPA's effective date and dismissed without prejudice for failure to exhaust state remedies.") (citations omitted). Petitioner did not appeal this ruling to the Supreme Court. A mandate was issued, and the case was remanded to the undersigned for a determination on petitioner's remaining claims.

On remand, this Court was bound by the law of the case to follow the Eighth Circuit's holding that the AEDPA did indeed apply to petitioner's remaining claims, which is exactly what the Court did when it granted petitioner's claim relating to inflammatory arguments that were made during closing arguments of the penalty phase. See Jaramillo v. Burkhart, 59 F.3d 78, 80 (8th Cir. 1995) ("Under the law of the case doctrine, a district court must follow our mandate, and we retain the authority to decide whether the district court scrupulously and fully carried out our mandate's terms.").

There has never been a ruling by a higher court in this case that the pre-AEDPA standard of review would apply, and Weaver cites to no legal authority for his assertion that he is entitled to review under the pre-AEDPA standard. In support of his motion, Weaver cites to Lawrence, 549 U.S. at 332. This case clarifies the tolling effect of a petition for writ certiorari on § 2244(d)(2)'s exhaustion requirement; it does not address the applicable standard of review for habeas petitions filed pre- or post-AEDPA.

Petitioner also cites to the Supreme Court opinion in his own case, Roper v. Weaver, 550 U.S. 598, in support of his argument that he is entitled to benefit of the pre-AEDPA standard. But

in <u>Roper v. Weaver</u>, the Supreme Court declined to address whether the pre-AEDPA standard would apply to Weaver's claim. <u>Id.</u> at 601-02.

The third case upon which he relies, <u>Buck v. Davis</u>, 137 S. Ct. 759 (2017), also does not establish that Weaver is entitled to the benefit of the pre-AEDPA standard. The prisoner in <u>Buck</u> filed his federal habeas case well after the enactment of the AEDPA. <u>Id.</u> at 770. In <u>Buck</u>, the district court had dismissed the habeas claim on the grounds that the prisoner had not pursued his claim in state court and, therefore, it was subject to procedural default under <u>Coleman v. Thompson</u>, 501 U.S. at 752-53. At the time, an attorney's failure to raise a claim during state postconviction review did not constitute cause to lift the procedural bar under <u>Coleman</u>. <u>Id.</u> But in 2012, the Supreme Court modified the holding in <u>Coleman</u>. In <u>Martinez v. Ryan</u>, 566 U.S. 1 (2012), and <u>Trevino v. Thaler</u>, 569 U.S. 413 (2013), the Supreme Court ruled that under certain circumstances a procedural bar on a habeas claim can be lifted if postconviction counsel had been constitutionally ineffective for failing to raise it in the state court proceedings. The Court in <u>Buck</u> held that the petitioner was entitled to relief under Rule 60(b) because his defaulted claims would have been reviewable under the new law. <u>Buck</u>, 137 S. Ct. at 778-80. In the case at bar, there has been no change in the applicable law.

In sum, the Court finds that Weaver's Rule 60(b) motion is a second or successive petition in that it raises a claim that was already adjudicated on the merits. The motion does not, as Weaver contends, attack "some defect in the integrity of the federal habeas proceedings." <u>Ward</u>, 577 F.3d at 933.

### B. Alternatively, Petitioner's Motion Is Untimely.

Even if this Court were to find that petitioner's motion for relief was not barred by Gonzalez, 545 U.S. at 529, petitioner would still not be entitled to relief under Rule 60(b) because the motion is time barred. As stated above, Rule 60(b) allows for relief from final judgment for six specific reasons. Petitioner states in his motion and memorandum in support of the current motion that he is seeking relief under Rule 60(b)(6), the catch-all provision, which allows relief for final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). A motion under the catch-all provision for relief from judgment must be made "within a reasonable time." Id.

Petitioner's Rule 60(b) motion was brought almost ten years after the Supreme Court dismissed the petition for writ of certiorari in this case in May 2007. In support of his Rule 60(b) motion, petitioner cites to the opinion dismissing his writ and another Supreme Court case from 2007, Lawrence, 549 U.S. at 332. Petitioner, however, waited until 2017 to file his Rule 60(b) motion. In other words, Weaver did not file his motion for Rule 60(b) relief for almost ten years, which is not within a reasonable time. See Nucor Corp. v. Nebraska Pub. Power Dist., 999 F.2d 372, 374-75 (8th Cir. 1993) (Rule 60(b)(6) motion filed after three years was untimely). Petitioner is precluded from seeking relief pursuant to Rule 60(b) because his motion is untimely. See id.; Lester v. Empire Fire & Marine Ins. Co., 653 F.2d 353, 354 (8th Cir. 1981) (motion based on fraud was time barred).

### C. Alternatively, Petitioner Has Not Shown Extraordinary Circumstances that Would Warrant Relief.

Finally, petitioner has not shown that there exist extraordinary circumstances that warrant relief under Rule 60(b). Weaver argues that like Buck v. Davis, his case involves claims of race discrimination and, therefore, there exist extraordinary circumstances such that this Court should

re-open his case pursuant to Rule 60(b). In his habeas petition, Weaver challenged the prosecutor's use of preemptory challenges under Batson. The underlying claim in Buck, however, was not based on Batson, but rather the petitioner argued his trial counsel was ineffective because he did not object to an expert's testimony during the penalty hearing that he was more likely to commit future crimes because he was black. Buck, 137 S. Ct. at 768-69. Noting that the petitioner "may have been sentenced to death in part because of his race," in conjunction with the fact that he would benefit from the new rule under Martinez and Trevino, the Supreme Court found there were "extraordinary circumstances" to warrant reopening the case under Rule 60(b). Id. at 778 & 779-80. The same set of circumstances is not present here.

Relief is available under Rule 60(b) only in "extraordinary circumstances," which will "rarely occur in the habeas context." Gonzalez, 545 U.S. at 535. The rule "is not a substitute for other legal remedies," and a motion for relief under Rule 60(b) "is to be granted only when exceptional circumstances prevented a party from seeking redress through the usual channels." Nucor Corp., 999 F.2d at 374. Petitioner could have pursued an appeal of the dismissal of his first habeas petition, but he did not. And as discussed above, petitioner has not shown that he would be entitled to the pre-AEDPA standard of review. Furthermore, unlike Buck, there has been no change in the applicable law since the judgment became final in this case. In short, petitioner had not shown "extraordinary circumstances" that would warrant relief, and the recent case petitioner cites, Buck v. Davis, 137 S. Ct. 759, is simply not analogous to the case at bar.

*III. Conclusion*

This Court finds petitioner is not entitled to relief from final judgment pursuant to Rule 60(b) because he is raising a claim that amounts to a second or successive habeas petition. Petitioner must receive permission from the United States Court of Appeals for the Eighth Circuit before he may bring such claims in this Court. 28 U.S.C. § 2244(b)(3). In the alternative, the Court finds petitioner's motion for relief pursuant to Rule 60(b) is time barred. The Court also finds, in the alternative, that petitioner has not established extraordinary circumstances that would warrant relief under Rule 60(b).

Accordingly,

**IT IS HEREBY ORDERED** petitioner William Weaver's motion for relief from final judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is **DISMISSED** for failure to obtain prior authorization from the Eighth Circuit Court of Appeals. [Doc. 93]

**IT IS FURTHER ORDERED**, in the alternative, that movant's motion is **DENIED** as untimely, and there are no extraordinary circumstances that would warrant relief under Fed. R. Civ. P. Rule 60(b).

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __28th__ day of February, 2018.